Craig J. Mariam (SBN: 225280)
Michelle J. Wells (SBN: 279967)
GORDON & REES LLP
633 W. Fifth Street, Suite 5200
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (877) 306-0043
cmariam@gordonrees.com
mwells@gordonrees.com

Attorneys for Telscape Communications, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELSCAPE COMMUNICATIONS, INC., | Case No. CV 12-8833-DSF (JCGx) |
| Petitioner, | Underlying Case No. 2:12MC317 |
| v. | **MOTION TO QUASH OR MODIFY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| RIGHTSCORP, INC., | |
| Respondent. | Accompanying documents: Declaration of Sherri Flatt; Declaration of Gary Hamlett; Declaration of Michelle J. Wells; [Proposed] Order |
| IN RE SUBPOENA TO TELSCAPE COMMUNICATIONS, INC. | TIME: 1:30 PM DATE: 11-19-2012 PLACE: ROYBAL, 840 |

TO THIS HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW Telscape Communications, Inc. ("Telscape") and hereby respectfully moves the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012, to issue an order quashing or modifying the subpoena directed to it. Telscape respectfully requests that the District Court set a hearing on this matter and that, at such time and place, the matter be considered based upon this motion, the supporting memorandum of points and authorities, the declarations of Michelle J. Wells,

-1-
TELSCAPE COMMUNICATIONS, INC.'S MOTION TO QUASH OR MODIFY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Sherri Flatt, and Gary Hamlett, the complete file in this matter, and such evidence and argument as may be presented to the Court at that time and place.

The motion arises under the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) ("DMCA") on the grounds that the subpoena was not authorized by the DMCA. Alternatively, this motion seeks modification of the subpoena pursuant to Federal Rule of Civil Procedure Rule 45 such that the issuing party is ordered to pay Telscape's costs of compliance in advance of production.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which occurred on October 2, 2012.

Respectfully submitted,

Dated: October 15, 2012

GORDON & REES LLP

By: /s/ Michelle J. Wells
Craig J. Mariam
Michelle J. Wells
Attorneys for Telscape Communications, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Rightscorp, Inc. sought and was issued a subpoena which directed Telscape Communications, Inc., an internet service provider, to provide the names, addresses, and other identifying information for certain Telscape customers. The subpoena was issued not as part of pending litigation, but rather, pursuant to the subpoena power authorized by the Digital Millennium Copyright Act.

Specifically, the subpoena requests that Telscape determine which of its customers are associated with the internet protocol addresses identified in the subpoena. This process is especially burdensome on Telscape, and, more importantly, the subpoena was improperly issued. In fact, various Circuit Courts of Appeals have held that the DMCA does not authorize the issuance of subpoenas to internet service providers where the provider acts as a mere conduit for its internet subscribers and does not store any infringing material on its servers, as is the case with Telscape here. *See, e.g., Recording Industry Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

By this motion, Telscape thus seeks to quash the subpoena. Alternatively, if the Court is inclined to enforce the subpoena, Telscape respectfully requests prior reimbursement of the costs associated with complying with the subpoena.

## II. COMPLIANCE WITH LOCAL RULE 7-3

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 2, 2012. Declaration of Michelle J. Wells ("Wells Decl.") ¶ 5. Counsel for Rightscorp, Inc. and Telscape were unable to resolve the issues raised by this motion at that time.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 45 provides that a court must quash or modify a subpoena that "fails to allow a reasonable time to comply" or that

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

"subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3); *see also* Fed. R. Civ. P. 45(c)(1); *In re Micron Technology, Inc. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C. 2010) (Rule 45 "requires district courts to be generally sensitive to the costs imposed on third parties") (internal quotation marks omitted). An undue burden is one that is unreasonable or oppressive in light of all the circumstances of the case. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984). If responding would require "an inordinate amount of time and resources," the Court may quash the subpoena or limit it. *Linder v. Calero-Portcarrero*, 180 F.R.D. 168, 175 (D.D.C. 1998).

Courts must be particularly sensitive to the burdens placed on non-parties to litigation, and "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in the Rule 45 inquiry. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). The advisory committee notes to Rule 45 state that one purpose of the Rule is to ensure that "a non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court." Fed. R. Civ. P. 45 advisory committee's note. Moreover, requiring costs to be fixed in advance of production "will often be the most satisfactory accommodation to protect the party seeking discovery from excessive costs." *Id*. For these reasons, courts frequently order individuals and entities to pay the costs incurred by third parties in responding to subpoenas. *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 496 (E.D. Pa. 2005) (ordering plaintiff to compensate third party costs for the cost of production).

## IV. FACTUAL BACKGROUND

Telscape Communications, Inc. is a telecommunications company and an internet service provider ("ISP"). Declaration of Gary Hamlett ("Hamlett Decl.") ¶ 2. Rightscorp, Inc. acts as an agent for certain owners of copyrighted music and

motion pictures. *See* Wells Decl., Exhs. A, B.

On August 23, 2012, Rightscorp, Inc. sought and was issued a federal subpoena pursuant to the Digital Millennium Copyright Act, as noted by the declaration filed in support of the subpoena. Wells Decl., Exhs. A, B. The subpoena has been issued because Rightscorp, Inc. does not know the identities of the persons with the internet protocol ("IP") addresses listed in the subpoena, which are persons alleged to have infringed the copyrights of Rightscorp, Inc.'s clients. *Id.* Thus, by this subpoena, Rightscorp, Inc. seeks to have Telscape obtain and provide identifying information for the alleged infringers so that it may take legal action against said persons for copyright infringement. *See id.*; Hamlett Decl. ¶ 4; Declaration of Sherri Flatt ("Flatt Decl.") ¶ 3.

## V.    ARGUMENT

### A.    The DMCA Does Not Apply to Telscape Communications.

The subpoena directed to Telscape was issued pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h). The stated purpose of this section of the DMCA is to assist copyright owners in identifying copyright infringers. 17 U.S.C. § 512(h). However, the statute does not authorize subpoenas to internet service providers that act as mere conduits for their internet subscribers. As a result, the subpoena that is the subject of this motion was improperly issued and should be quashed.

The first decision to interpret the extent of the subpoena authority of section 512(h) of the DMCA was *Recording Industry Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003), followed two years later by the Eighth Circuit's opinion in *Recording Indus. Ass'n v. Charter Communs., Inc.*, 393 F.3d 771 (8th Cir. 2005). Both Circuit Courts construed the statute to permit use of the subpoena authority *only* when "an ISP [is] engaged in storing on its servers material that is infringing or the subject of infringing activity" and held that

1 copyright holders attempting to identify persons infringing their copyrights using
2 peer-to-peer file sharing programs could not utilize the subpoena power created by
3 the DMCA to obtain identifying information from ISPs. *Verizon*, 351 F.3d 1229
4 (vacating district court's order enforcing subpoenas issued to ISP for the names of
5 two customers allegedly using a peer-to-peer file-sharing program to illegally copy
6 and distribute copyrighted material); *In re Charter*, 393 F.3d 771 (vacating district
7 court's order denying motion to quash subpoena issued to ISP for the names of
8 customers allegedly using a peer-to-peer file-sharing program to illegally copy and
9 distribute copyrighted material). Thus, ISPs which do nothing more than transmit,
10 route, or provide connections for copyrighted material are simply not subject to the
11 subpoena power of section 512(h).

12       Telscape is an internet service provider. Hamlett Decl. ¶ 2. Telscape
13 provides an internet connection to its customers but does not store any material
14 accessed by its customers on its servers. *Id*. Telscape does not allow customers to
15 access to its servers, nor does it store any infringing material on its servers. *Id*.
16 Moreover, Telscape does not police the activities of its customers, nor does it have
17 the financial capability to do so. *Id*. In short, Telscape simply acts as a conduit by
18 providing its customers with access to the internet. *Id*.

19       Rightscorp, Inc. was not authorized to request issuance of a subpoena for an
20 ISP which merely acts as a conduit for its customers to access the internet, as
21 Telscape does here. No Circuit or district court has held to the contrary. As a
22 result, the subpoena directed to Telscape is improper.

23 **B. <u>In the Event the Court Finds that Telscape Must Comply with the
24 Subpoena, the Court Should Require Rightscorp, Inc. to Pay Telscape's
Costs in Advance.</u>**

25       In the alternative, if the Court declines to quash the subpoena, Telscape
26 requests that the Court order Rightscorp., Inc. to pay Telscape's costs of
27 compliance in advance of production. The costs incurred in compiling the
28

-6-
TELSCAPE COMMUNICATIONS, INC.'S MOTION TO QUASH OR MODIFY SUBPOENA;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

information sought by this subpoena amounts to $1,734.00.

Although this subpoena was purportedly issued pursuant to the DMCA, Rule 45's subpoena power provides limits to protect non-parties from significant expense, and courts have repeatedly ordered subpoenaing parties to pay costs to non-parties in advance of production on this basis. *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992). When a third party subpoena is overly broad or when compliance would cause an undue burden, a district court does not abuse its discretion by ordering the subpoenaing party to bear all costs. *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996) (affirming district court's decision to order subpoenaing party to pay all costs); *accord Celanese Corp. v. E.I. du Pont de Nemours & Co.*, 58 F.R.D. 606, 610, 612 (D. Del. 1973) (requiring subpoenaing party to bear all reasonable expenses for responding to "very broad" subpoena).

As noted in the Declaration of Gary Hamlett filed concurrently with this motion, Telscape has incurred tangible monetary costs associated with complying with this subpoena. To identify the individuals associated with the 240 internet protocol addresses identified in the subpoena, as well as the contact information for said individuals, two Telscape employees spent approximately 40 hours to compile the requested information. Hamlett Decl. ¶ 4. The hourly rate of these employees is an average of $43.35. *Id.* Telscape has thus incurred, at a minimum, $1,734.00 in compiling the information necessary to comply with this subpoena. *Id.*

In order to protect Telscape from incurring the burden and expense of assisting Rightscorp, Inc. with its anticipated copyright infringement litigation (and which litigation Telscape will not be a party to), Telscape requests that Rightscorp, Inc. be ordered to reimburse it for the costs incurred in complying with this subpoena. This request is both authorized by and consistent with Rule 45.

## VI. CONCLUSION

For the foregoing reasons, the Court should quash the subpoena issued to Telscape in its entirety. However, if the Court declines to quash the subpoena, it should at a minimum modify the subpoena such that Rightscorp, Inc. be required to pay in advance of production the costs incurred by Telscape in compiling the information sought by the subpoena.

Dated: October 15, 2012

Respectfully submitted,

GORDON & REES LLP

By: /s/ Michelle J. Wells
Craig J. Mariam
Michelle J. Wells
Attorneys for Telscape
Communications, Inc.