FILED

1  Craig J. Mariam (SBN: 225280)
   Michelle J. Wells (SBN: 279967)
2  GORDON & REES LLP
   633 W. Fifth Street, Suite 5200
3  Los Angeles, CA 90071
   Telephone: (213) 576-5000
4  Facsimile:  (877) 306-0043
   cmariam@gordonrees.com
5  mwells@gordonrees.com

6  Attorneys for Telscape Communications, Inc.

2012 OCT 15  PM 4: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9  TELSCAPE COMMUNICATIONS, INC.,  )  Case No. **CV12-8833** -DSF
                                    )  (JCGx)
10                 Petitioner,      )  Underlying Case No. 2:12MC317
11                                  )
   v.                               )  **DECLARATION OF**
12                                  )  **MICHELLE J. WELLS IN**
   RIGHTSCORP, INC.,                )  **SUPPORT OF MOTION TO**
13                                  )  **QUASH OR MODIFY**
                 Respondent.        )  **SUBPOENA**
14                                  )
                                    )  Accompanying documents:
15                                  )  Notice of Motion; Memorandum of
                                    )  Points and Authorities; Declaration
16 IN RE SUBPOENA TO TELSCAPE       )  of Sherri Flatt; Declaration of Gary
   COMMUNICATIONS, INC.             )  Hamlett; [Proposed] Order
17                                  )
                                    )
18                                  )

19     I, Michelle J. Wells, declare as follows:

20     1.     I am an attorney with Gordon & Rees LLP, counsel for Telscape

21 Communications, Inc. ("Telscape") in this matter.  I have personal knowledge of

22 the matters contained in this declaration and if called to testify to them could and

23 would do so competently.

24     2.     Attached hereto as **Exhibit A** is a true and correct copy of the

25 subpoena issued to Rightscorp, Inc. and directed to Telscape.  Attached hereto as

26 **Exhibit B** is a true and correct copy of the declaration of counsel which

27 accompanied the subpoena directed to Telscape.

28     3.     On September 11, 2012, I notified counsel for Rightscorp, Inc. that

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the subpoena issued to Telscape had not been properly served but that our firm was willing to accept service of the subpoena if Telscape was provided with an extension to respond to the subpoena.   A true and correct copy of my letter is attached hereto as **Exhibit C**.

4.      Counsel for Rightscorp, Inc. immediately responded by e-mail and agreed to provide Telscape until October 15, 2012 to respond to the subpoena.  A true and correct copy of counsel for Rightscorp, Inc.'s e-mail correspondence is attached hereto as **Exhibit D**.

5.      On September 24, 2012, I sent a letter to counsel for Rightscorp, Inc. expressing the position that the subpoena issued to Telscape was improper.  A true and correct copy of my letter correspondence is attached hereto as **Exhibit E**.  On October 2, 2012, I followed up by telephone call with counsel for Rightscorp, Inc. However, we were unable to reach a resolution of the issues underlying this motion during said telephone call.

I declare under penalty of perjury under the laws of the state of California that the above statements are true and accurate to the best of my knowledge.

Executed this 15th day of October, 2012.

Michelle J. Wells

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DECLARATION OF MICHELLE J. WELLS IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA

# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| In re Subpoena to Telscape Communications, Inc. | ) | **FOR OFFICE USE ONLY** 2:12 MC 317 |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Telscape Communications, Inc. c/o National Registered Agents, Inc. (its registered agent)
2875 Michelle Dr., Suite 100, Irvine, California 92606

✓ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Information, including name, address, telephone number, and e-mail address, sufficient to identify the alleged infringers of copyrighted sound recordings, identified by IP addresses in the notices attached as Exhibit A to this Subpoena.

| Place: Business Law Group<br>ATTN: Dennis J. Hawk<br>3100 Donald Douglas Loop N.<br>Santa Monica, CA 9040        Email: dennis@dhwk.com | Date and Time:<br><br>9/7/2012 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

AUG 2 3 2012

Date: _____

CLERK OF COURT

JULIE PRADO

_Signature of Clerk or Deputy Clerk_          OR          _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ Rightscorp, Inc. _____, who issues or requests this subpoena, are:

Dennis J. Hawk, Business Law Group, 3100 Donald Douglas Loop N., Santa Monica, CA 90405
(310) 664-8000, dennis@dhwk.com

PAID

AUG 2 3 2012

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Telscape Communications, Inc.

was received by me on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit B

Dennis J. Hawk (SBN 130731)
Business Law Group
3100 Donald Douglas Loop N.
Santa Monica, CA 90405
Tel: (310) 664-8000
Email: dennis@dhwk.com



"Issued Subpoena"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re Subpoena to               )
Telscape Communications, Inc.   )          2:12 MC 317
                                )

### DECLARATION PURSUANT TO 17 U.S.C. § 512(h)

I, Dennis J. Hawk, the undersigned, declare that:

    1.    I am an attorney licensed to practice law in the State of California and am associated with Business Law Group ("Business Law Group"), counsel for Rightscorp, Inc. ("Rightscorp"), a representative of various copyright owners. Business Law Group is authorized to act on behalf of Rightscorp and the copyright owners it represents on matters involving the infringement of their copyrighted sound recordings. This declaration is made in support of the accompanying Subpoena, pursuant to 17 U.S.C. § 512(h)(2)(C).

    2.    The purpose of the accompanying Subpoena is to obtain the identity of the alleged copyright infringers who are identified at the Internet Protocol addresses in the notices contained in Exhibit A to the subpoena. The information obtained will be used only for the purpose of protecting the rights granted to our client and the copyright owners our client represents under Title 17 of the United States Code.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on _August 22_ 2012.

                                          Dennis. J. Hawk

# Exhibit C

CRAIG J. MARIAM
CMARIAM@GORDONREES.COM

MICHELLE J. WELLS
MWELLS@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071
PHONE: (213) 270-7866 (DIRECT)
FAX: (877) 306-0043
WWW.GORDONREES.COM

September 11, 2012

**VIA EMAIL AND U.S. MAIL**

Dennis J. Hawk
Business Law Group
3100 Donald Douglas Loop N
Santa Monica, CA 90405
Email: dennis@dhwk.com

        Re:   *In re Subpoena Telscape Communications Inc.*
              United States District Court, Central District of California, Case No.: 2:12MC317

Dear Mr. Hawk:

We received notice that your client, Rightscorp, Inc., has been issued a federal subpoena which is directed to our client, Telscape Communications, Inc. The subpoena was issued on August 23, 2012 and requests a response date of September 7, 2012. However, as of today's date, this subpoena has not been properly served on our client. Therefore, our client has not, and will not, be responding to your client's subpoena at this time.

Nevertheless, we are willing to accept service on behalf of our client with the caveat that you provide our client with 45 days to respond to the subpoena (from the date of service upon our Los Angeles office). Given the manpower it will require to compile the information sought, we believe 45 days to respond to the subpoena is reasonable.

Please feel free to contact me should you have any questions or concerns regarding the above.

Best regards,

GORDON & REES LLP

Michelle J. Wells

//13575009v.1

CALIFORNIA ♦ NEW YORK ♦ TEXAS ♦ ILLINOIS ♦ NEVADA ♦ ARIZONA ♦ COLORADO
WASHINGTON ♦ OREGON ♦ NEW JERSEY ♦ FLORIDA ♦ GEORGIA ♦ CONNECTICUT

# Exhibit D

**Michelle Wells**

| | |
|---|---|
| **From:** | dennis@dhwk.com |
| **Sent:** | Tuesday, September 11, 2012 2:58 PM |
| **To:** | Dianna Bautista; Michelle Wells |
| **Cc:** | Craig Mariam; dennis@dhwk.com |
| **Subject:** | RE: In re Subpoena Telscape Communications, Inc. |

Hello Ms. Wells:

I am receipt of your correspondence regarding our client's subpoena directed to your client, Telscape Communications. I am able to provide you until October 15, 2012, in which to comply with the subpoena, which I gather you can obtain from your client so as to negate the necessity of our office sending it to you. In view of the fact that the information our client seeks pertains to individuals who are illegally downloading music protected by Federal copyright law, we are eager to obtain the information as soon as possible in an effort to prevent any further infringing activities. To this end, I appreciate your efforts to assist us in these efforts.

Any further inquiries, please feel free to contact me at your convenience.

Thank you.


Dennis J. Hawk
Business Law Group
3100 Donald Douglas Loop N.
Santa Monica, CA 90405
Tel: (310) 664-8000
Fax: (310) 510-6769

**Think green - Please consider the environment before printing this email**

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Dianna Bautista [mailto:dmbautista@gordonrees.com]
**Sent:** Tuesday, September 11, 2012 2:14 PM
**To:** dennis@dhwk.com
**Cc:** Craig Mariam; Michelle Wells
**Subject:** In re Subpoena Telscape Communications, Inc.


Dear Mr. Hawk:

Per Ms. Wells' request, attached is correspondence for your review.

Dianna Bautista
Legal Secretary


10/12/2012

CALIFORNIA * NEVADA * ARIZONA * OREGON * TEXAS * NEW YORK * NEW JERSEY * COLORADO * ILLINOIS * WASHINGTON * FLORIDA *
GEORGIA * CONNECTICUT * MISSOURI * WASHINGTON, DC * PENNSYLVANIA * MARYLAND * VIRGINIA

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the
use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized
review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and
have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.
IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.

**GORDON & REES LLP**
**http://www.gordonrees.com**

10/12/2012

# Exhibit E

CRAIG J. MARIAM
CMARIAM@GORDONREES.COM

MICHELLE J. WELLS
MWELLS@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071
PHONE: (213) 270-7866 (DIRECT)
FAX: (877) 306-0043
WWW.GORDONREES.COM

September 24, 2012

## VIA EMAIL AND U.S. MAIL

Dennis J. Hawk, Esq.
Business Law Group
3100 Donald Douglas Loop N
Santa Monica, CA 90405
Email: dennis@dhwk.com

Re:     *In re Subpoena to Telscape Communications Inc.*
        United States District Court, Central District of California, Case No.: 2:12MC317

Dear Mr. Hawk:

I again write regarding the federal subpoena directed to our client, Telscape Communications, Inc. We thank you and your client for providing Telscape until October 15, 2012 to respond to the subpoena. However, after now having reviewed in substance your client's subpoena, we tend to believe that it was improperly issued. Therefore, it is likely that we will file a motion to quash or modify the subpoena. Thus, pursuant to Local Rule 7-3, we wish to conduct a conference with you prior to the filing of said motion.

The subpoena directed to Telscape was issued pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). However, the DMCA does not authorize subpoenas to entities that are mere conduits for its internet subscribers. *See, e.g., Charter Comm. Inc., Subpoena Enforcement Matter*, 393 F.3d 771 (8th Cir. 2005) (rejecting subpoena sought by the recording industry under the DMCA because the ISP is only a conduit for file sharing in P2P systems); *Recording Indust. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir 2003) (same). Telscape does not allow customers to access to its servers, nor does it store any infringing material on its servers. Indeed, Telscape simply acts as a conduit by providing its customers with access to the internet. As a result, the subpoena directed to Telscape is improper. In the alternative, we intend to seek modification of the subpoena such that 1) Telscape is reimbursed for the costs of complying with the subpoena prior to any production, and 2) Telscape is provided with additional time for compliance.

CALIFORNIA ♦ NEW YORK ♦ TEXAS ♦ ILLINOIS ♦ NEVADA ♦ ARIZONA ♦ COLORADO
WASHINGTON ♦ OREGON ♦ NEW JERSEY ♦ FLORIDA ♦ GEORGIA ♦ CONNECTICUT

Dennis J. Hawk, Esq.
Business Law Group
September 24, 2012
Page 2 of 2

   Please feel free to contact me should you have any questions or concerns regarding the above.  We look forward to hearing from you.

                              Best regards,

                              GORDON & REES LLP

                              Michelle J. Wells

//13675483v.1